**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHANEL RODRIGUEZ VALERIO, | Civil Action No. 26-3337 (ZNQ) |
| Petitioner, | |
| v. | **OPINION** |
| LUIS SOTO, *et al.*, | |
| Respondents. | |

**QURAISHI, District Judge**

This matter comes before the Court on Petitioner's habeas petition (ECF No. 1) and motion seeking a temporary restraining order.  (ECF No. 2.)  Following an order to answer, the Government filed a response to the petition (ECF No. 7), to which Petitioner replied.  (ECF Nos. 8-10.)  For the following reasons, Petitioner's habeas petition shall be dismissed without prejudice for lack of administrative exhaustion, and Petitioner's motion shall be denied without prejudice as moot in light of the dismissal of his petition.

I.    **BACKGROUND**

Petitioner is a native and citizen of the Dominican Republic who entered the United States on a non-immigrant visitor visa on February 5, 2025.  (ECF No. 7-1 at 12.)  Although that visa expired and required Petitioner to depart as of August 4, 2025, Petitioner did not depart but remained in the United States.  (*Id.*)  On March 11, 2026, petitioner was arrested during a targeted enforcement operation and was placed into immigration detention pending the outcome of his removal proceedings.  (*Id.*)  Following his arrest, Petitioner initially requested a bond hearing

1

before an immigration judge.  (*Id.* at 8, 10.)  A bond hearing was scheduled for him for April 9, 2026.  (ECF No. 7-2 at 2.)  When Petitioner appeared for the hearing, he requested more time to prepare, and the immigration judge therefore deemed the request for a bond hearing withdrawn. (ECF No. 7-3 at 1.)  Petitioner did not file a request for a new bond hearing, but instead requests that this Court order his release without requiring him to go through this process as he believes it unlikely to produce his release.  (*See* ECF No. 8.)  Although Petitioner has now been ordered removed by an immigration judge, he has appealed that decision to the Board of Immigration Appeals and does not have a final order of removal at this time.  (*See* ECF No. 10 at 1-2.)

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III.    DISCUSSION

In his habeas petition, Petitioner seeks to challenge his ongoing immigration detention under 8 U.S.C. § 1226(a).  Under that statute, the Government is authorized to detain, conditionally parole, or release an alien subject to removal proceedings prior to the issuance of a final order of removal.  *See Jennings v. Rodriguez*, 583 U.S. 281, 288-89 (2018).  Where the Government chooses to detain an alien, the alien may request a bond hearing before an immigration judge, and to appeal any adverse decision as to his bond request to the Board of Immigration Appeals.  *See,*

*e.g., Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018); *see also* 8 C.F.R. § 1236.1(d)(1) (alien detained under § 1226(a) "may, at any time before [a removal order] becomes final" request a bond hearing before an immigration judge).  At a bond hearing under the statute, the alien bears the burden of proving that he is neither a danger to the community nor a flight risk.  *Id.* at 279.  Where the immigration judge denies bond and the underlying bond hearing was not otherwise held in a fashion violative of Due Process, "[n]o court may set aside any action or decision taken by [the immigration judge] . . . . regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole."  *Id.* (quoting 8 U.S.C. § 1226(e)).  Even where denied bond, however, an alien detained under the statute can request further bond redeterminations based on changed circumstances at any time prior to the issuance of a final order of removal.  *See Borbot*, 906 F.3d at 275.

In this matter, although Petitioner did originally request a bond hearing, he withdrew that request by seeking more time to prepare for his bond hearing.  He did not, however, thereafter file a new request for a bond hearing after withdrawing his initial request as he is permitted to do under § 1226(a) and its regulatory framework.  Petitioner's failure to seek a new bond hearing and go through the bond hearing process, however, is fatal to his ability to seek habeas relief in this matter.  As one court in this district has explained,

> Immigration detainees seeking to invoke this Court's habeas jurisdiction . . . must exhaust all administrative remedies before they may seek habeas relief in federal court.  *See Duvall v. Elwood*, 336 F.3d 228, 233-34 (3d Cir. 2003); *Yi v. Maugans*, 24 F.3d 500, 503-04 (3d Cir. 1994).  "[E]ven when an alien is attempting to prevent . . . [removal] proceeding[s] from taking place in the first instance and is thus not, strictly speaking, attacking a final order of [removal] . . . ., it is well settled that judicial review is precluded if the alien has failed to avail himself of all administrative remedies."  *Duvall*, 336 F.3d at 233.  Because the exhaustion requirement is jurisdictional, the failure of a habeas petitioner to present his claims first to the immigration courts is "fatal to the District Court's jurisdiction over

3

> [his] habeas petition." *Id.* [Wh]ere, [the petitioner] has an administrative remedy available [he must make use of that remedy before he can challenge his detention in federal court] – [*i.e.*,] if [a petitioner] wishes to seek his release [from detention under § 1226(a)], he must [first] seek[] a bond hearing before an immigration judge. . . That [a petitioner] has not done so renders his [habeas petition seeking a bond hearing or release] unexhausted, which in turn deprives this Court of jurisdiction over the claims raised in his habeas petition.

*Jelani B. v. Anderson*, No. 20-6459, 2020 WL 5560161, at *2 (D.N.J. Sept. 17, 2020).

Because Petitioner did not request a new bond hearing after withdrawing his initial request, and never went through the bond hearing process, his request for release in this matter is unexhausted and must be dismissed as such. *Id.* Petitioner must fully exhaust his claims by going through the bond hearing process before he may seek habeas relief. *Id.* Petitioner's habeas petition shall therefore be dismissed without prejudice at this time.[1]

---

[1] Nothing in this Court's decision should be read to prevent Petitioner from filing a new habeas petition should the immigration judge refuse to provide him a bond hearing after requesting one, nor from filing a habeas petition challenging the fundamental fairness of any bond hearing he does receive once the process before the immigration judge is complete. *See, e.g., Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). The Court's ruling in this matter is limited to the current procedural posture of this case – Petitioner cannot obtain relief based on an alleged denial of due process in relation to his detention under § 1226(a) where he has not yet gone through the procedures available to him in the immigration courts. Petitioner is entitled to seek a new bond hearing before the immigration judge at any time prior to his removal order becoming final, and cannot proceed before this Court until he does so.

## IV.    CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** as his claims have not been properly exhausted.  Petitioner's motion seeking a temporary restraining order (ECF No. 2) is **DENIED WITHOUT PREJUDICE** as moot in light of the dismissal of his habeas petition.  An appropriate order follows.


Date: May 18, 2026

     s/ Zahid N. Quraishi

**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
